IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br><br> v. <br><br> GENBAND US LLC, <br><br> Defendant. | CIVIL ACTION NO. 2:15-cv-578 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against Genband US LLC for infringement of U.S. Patent Nos. 7,804,948 ("the '948 patent"), 7,853,000 ("the '000 patent") and 8,571,194 ("the '194 patent").

**THE PARTIES**

1.  Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Tyler, Texas 75702.

2.  Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540 Luxembourg.

3.  Genband US LLC is a limited liability company formed under the laws of the state of Delaware with a principal place of business at 2801 Network Blvd. Ste. 300, Frisco,

Texas, 75034. Genband US LLC also has a major Research and Development ("R&D") center located at 3605 E. Plano Parkway, Plano, TX 75074.

4. Genband US LLC may be served with process via its registered agent Corporation Service Company located at 211 East Seventh Street, Suite 620, Austin, Texas 78701.

5. Upon information and belief, Genband US LLC (hereinafter "Defendant") does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district and/or, has regular and established places of business in this judicial district.

8. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,804,948)

9. Uniloc incorporates paragraphs 1 through 8 herein by reference.

10. Uniloc Luxembourg is the owner, by assignment, of the '948 patent, entitled "SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL." A true and correct copy of the '948 patent is attached as Exhibit A.

11. Uniloc USA is the exclusive licensee of the '948 patent with ownership of all substantial rights in the '948 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

12. The '948 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

13. Defendant has and is directly infringing one or more claims of the '948 patent in this judicial district and elsewhere in Texas, including at least claim 1, without the consent or authorization of Uniloc, by or through making, using, offering for sale, selling and/or importing a system, device, or method that practices one or more of the claims in the '948 patent. Defendant's infringing systems or devices include, as a non-limiting example, Genband Smart Office 2.0.

14. Defendant has induced and continues to induce others to infringe one or more claims of the '948 patent under 35 U.S.C. § 271(b) in this judicial district and elsewhere in Texas, including at least claim 1, without Uniloc's consent or authorization. Direct infringement has and continues to occur by activities performed by parties that have operated Defendant's infringing products. Such activities include, as non-limiting examples, operation of Defendant's infringing products by Defendant's customers.

15. Defendant specifically intended such parties to infringe the '948 patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as a limitation, Defendant induced and continues to induce such infringement by its affirmative action of at least providing instruction manuals on

the operation of the infringing products. Additionally, through its sales and support activities and advertising of the infringing product's, Defendant's specifically intended that its infringing products perform the methods recited in one or more claims of the '948 Patent.

16. Defendant also may be infringing the '948 patent through other unified communications platforms not presently known to Uniloc. Uniloc reserves the right to discover and pursue relief against all such infringing instrumentalities.

17. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '948 patent complied with any such requirements.

18. Uniloc has been damaged as a result of Defendant's infringing conduct described in this Count. Defendants are, thus, liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Unless a preliminary and permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in concert therewith from infringing the '948 patent, Uniloc will be greatly and irreparably harmed.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,853,000)

20. Uniloc incorporates paragraphs 1 through 8 herein by reference.

21. Uniloc Luxembourg is the owner, by assignment, of the '000 patent, entitled "SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL." A true and correct copy of the '000 patent is attached as Exhibit B.

22. Uniloc USA is the exclusive licensee of the '000 patent with ownership of all substantial rights in the '000 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

23. The '000 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

24. Defendant has and is directly infringing one or more claims of the '000 patent in this judicial district and elsewhere in Texas, including at least claim 1, without the consent or authorization of Uniloc, by or through making, using, offering for sale, selling and/or importing a system, device, or method that practices one or more of the claims in the '000 patent. Defendant's infringing systems or devices include, as a non-limiting example, Genband Smart Office 2.0.

25. Defendant has induced and continues to induce others to infringe the '000 patent under 35 U.S.C. § 271(b) in this judicial district and elsewhere in Texas, including at least claim 1, without Uniloc's consent or authorization. Direct infringement has and continues to occur by activities performed by parties that have operated Defendant's infringing products. Such activities include, as non-limiting examples, operation of Defendant's infringing products by Defendant's customers.

26. Defendant specifically intended such parties to infringe the '000 patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as a limitation, Defendant induced and continues to induce such infringement by its affirmative action of at least providing instruction manuals on the operation of the infringing products. Additionally, through its sales and support activities and advertising of the infringing product's, Defendant's specifically intended that its infringing products perform the methods recited in one or more claims of the '000 Patent.

27. Defendant also may be infringing the '000 patent through other unified communications platforms not presently known to Uniloc. Uniloc reserves the right to discover and pursue relief against all such infringing instrumentalities.

28. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '000 patent complied with any such requirements.

29. Uniloc has been damaged as a result of Defendant's infringing conduct described in this Count. Defendants are, thus, liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30. Unless a preliminary and permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in concert therewith from infringing the '000 patent, Uniloc will be greatly and irreparably harmed.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 8,571,194)

31. Uniloc incorporates paragraphs 1 through 8 herein by reference.

32. Uniloc Luxembourg is the owner, by assignment, of the '194 patent, entitled "SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL." A true and correct copy of the '194 patent is attached as Exhibit C.

33. Uniloc USA is the exclusive licensee of the '194 patent with ownership of all substantial rights in the '194 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

34. The '194 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

35. Defendant has and is directly infringing one or more claims of the '194 patent in this judicial district and elsewhere in Texas, including at least claim 1, without the consent or authorization of Uniloc, by or through making, using, offering for sale, selling and/or importing a system, device, or method that practices one or more of the claims in the '194 patent. Defendant's infringing systems or devices include, as a non-limiting example, Genband Smart Office 2.0.

36. Defendant has induced and continues to induce others to infringe the '194 patent under 35 U.S.C. § 271(b) in this judicial district and elsewhere in Texas, including at least claim 1, without Uniloc's consent or authorization. Direct infringement has and continues to occur by activities performed by parties that have operated Defendant's infringing products. Such activities include, as non-limiting examples, operation of Defendant's infringing products by Defendant's customers.

37. Defendant specifically intended such parties to infringe the '194 patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as a limitation, Defendant induced and continues to induce such infringement by its affirmative action of at least providing instruction manuals on the operation of the infringing products. Additionally, through its sales and support activities and advertising of the infringing product's, Defendant's specifically intended that its infringing products perform the methods recited in one or more claims of the '194 Patent.

38. Defendant also may be infringing the '194 patent through other unified communications platforms not presently known to Uniloc. Uniloc reserves the right to discover and pursue relief against all such infringing instrumentalities.

39. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '194 patent complied with any such requirements.

40. Uniloc has been damaged as a result of Defendant's infringing conduct described in this Count. Defendants are, thus, liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41. Unless a preliminary and permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in concert therewith from infringing the '194 patent, Uniloc will be greatly and irreparably harmed.

## JURY DEMAND

Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Uniloc requests that the Court find in its favor and against Defendant, and that the Court grant Uniloc the following relief:

a. Judgment that one or more claims of the '948, '000 and '194 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Defendant's infringing activities and other conduct complained of herein;

c. Judgment preliminarily and permanently enjoining Defendant, its employees and agents, and any other persons in active concert or participation with it from directly enjoining the '948, '000 and '194 patents;

d. That Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e. That Uniloc be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: April, 30, 2015**                                    Respectfully submitted,

/s/ Ryan S. Loveless
Scott R. Maynard
Cal. State Bar No. 224932
(Admitted to the Eastern District of Texas)
**MAYNARD LAW GROUP**
4 Park Plaza, Suite 1260
Irvine, California 92614
Telephone: (949) 885-6084
Facsimile: (888) 292-9694
Scott@EtheridgeLaw.com

James L. Etheridge
Texas State Bar No. 24059147
**ETHERIDGE LAW GROUP, PLLC**
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com

Ryan S. Loveless
Texas State Bar No. 24036997
**ETHERIDGE LAW GROUP, PLLC**
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Ryan@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.**